#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF TEXAS
#### MARSHALL DIVISION

| | |
|---|---|
| RIGHTQUESTION, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD., § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00238-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims of Willful and Indirect Infringement (the "Motion"). (Dkt. No. 16). Although Samsung's Motion seeks to dismiss claims of willful and contributory infringement, those issues have been dismissed without prejudice since Samsung's Motion was filed. (Dkt. No. 20). The only remaining issue for the Court to resolve with respect to Samsung's Motion is whether Plaintiff RightQuestion, LLC ("RightQuestion") has properly pled its claim of induced infringement. (Dkt. No. 20; Dkt. No. 22). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, Samsung's Motion is **DENIED**.

### I.    BACKGROUND

On June 29, 2021, RightQuestion filed the above-captioned case against Samsung. (Dkt. No. 1) (the "Complaint"). In its Complaint, RightQuestion alleges that Samsung infringes U.S. Patent No. 10,824,696 (the "'696 Patent") and U.S. Patent No. 10,929,512 (the "'512 Patent") (collectively, the "Asserted Patents") through certain security features allegedly incorporated into

Samsung's mobile devices. (Complaint ¶¶ 3, 19–23). On September 20, 2021, Samsung moved to dismiss RightQuestion's claims of willful infringement and indirect infringement under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 16). On October 1, 2021, RightQuestion moved to dismiss its willful and contributory infringement claims without prejudice, and the Court granted that motion. (Dkt. No. 18; Dkt. No. 20). As a result, here the Court only resolves Samsung's Motion with respect to induced infringement.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

### III.  DISCUSSION

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Knowledge of the patent can be show directly or through evidence of willful blindness on the part of the alleged infringer. *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019).

The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129). "These 'active steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Patents LLC*, 408 F. Supp. 3d at 828 (quoting *Barry*, 914 F.3d at 1334 (identifying the Defendants' employees, who provided technical support for customers performing the infringing acts, as evidence supporting induced infringement)).

Samsung's Motion raises two arguments with respect to induced infringement: (1) RightQuestion does not allege pre-suit knowledge of the Asserted Patents; and (2) RightQuestion

3

fails to plead facts plausibly supporting intent to induce infringement of the Asserted Patents.  (Dkt. No. 22 at 1–2)

**Pre-Suit Knowledge**:  Samsung argues that RightQuestion's Complaint does not allege pre-suit knowledge of the Asserted Patents.  (*Id.* at 1).  Samsung argues that the filing of the Complaint cannot serve as notice of the Asserted Patents for pre-suit infringement—and doing so "conflates pre-suit and post-filing induced infringement." (*Id.*).  Samsung acknowledges that there is a "split of authority as to whether filing of the initial complaint alone is sufficient to show the requisite knowledge for" induced infringement, but cabins this to only post-suit inducement.  (*Id.*). Samsung argues that "it is well-settled that [the Complaint] is insufficient for ***pre***-suit infringement."  (*Id.*) (citing *Script Sec*, 170 F. Supp. 3d at 937 (E.D. Tex. 2016).

RightQuestion argues that Samsung cites no authority from the Eastern District of Texas that the Complaint should be dismissed because RightQuestion pleads neither pre-suit knowledge of the Asserted Patents nor knowledge of the alleged infringement.  (Dkt. No. 19 at 4) (citing Dkt. No. 16 at 4–5).  RightQuestion cites several cases from this Court that, it argues, demonstrate that "filing of the Complaint can serve as notice of the patents-in-suit" for induced infringement.  (Dkt. No. 19 at 5).

The Court finds that RightQuestion has adequately pled a claim for induced infringement. Regarding Samsung's knowledge of the Asserted Patents, it is undisputed that as of the service of the Complaint, Samsung had actual knowledge of the Asserted Patents.  The Complaint—and the service thereof—therefore provides Samsung the requisite notice of the Asserted Patents to support a claim of induced infringement at least as of the time the Complaint was filed.  *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-183, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021).  The Court disagrees with Samsung that it is "well-settled" that the Complaint is insufficient to support

induced infringement at the pleadings stage. In fact, the Court has expressly held that it is "premature at this early stage in the proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced infringement" where it is clear that "Defendants had knowledge of the Asserted Patents for at least some time during the infringement period." *Id.* (citing *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-cv-242, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012)); *see also Alacritech*, 2017 WL 4230582, at *2; *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-123, 2020 WL 6496425, at *5 (E.D. Tex. Aug. 10, 2020); *Ultravision Techs., LLC v. GoVision, LLC*, No. 2:18-cv-100, 2020 U.S. Dist. LEXIS 32618, at *36 (E.D. Tex. Jan. 20, 2020) (noting that at the 12(b)(6) stage there "is no pre-suit knowledge requirement to establish induced infringement"). The *Script Sec.* case relied on by Samsung is not to the contrary. In that case, the Court reasoned that "a complaint provides sufficient notice of the existence of the patent-in-suit to support a claim of indirect infringement as to conduct following the filing of the initial complaint in the case." *Script Sec.*, 170 F. Supp. 3d at 937. This reasoning was in the context of whether a complaint could be sufficient to support post-suit knowledge of the patents-in-suit. Such is not inconsistent with the holding the Court expressed in *BillJCo* that the Court will not distinguish between pre and post-suit inducement at the pleadings stage. The fact that RightQuestion has properly alleged induced infringement (as further discussed below) and that Samsung undisputedly had actual knowledge of the Asserted Patents as of the service of the Complaint is enough at this preliminary stage. *BillJCo*, 2021 WL 6618529, at *6.

**Intent to Induce Infringement**: Samsung argues that the "allegations in RightQuestion's Complaint cannot plausibly support specific intent because it does not allege that Samsung ***knowingly*** induced the alleged third-party infringement." (Dkt. No. 22 at 3). Samsung also argues that "[b]ecause RightQuestion's Complaint does not even mention Samsung's knowledge of the

patents-in-suit, its induced infringement claims necessarily fail." (*Id.* at 4). RightQuestion points to the lengthy screenshots and excerpts it provided in its Complaint and quotes this Court's decision in *InMotion* stating "it is not necessary to provide detailed factual support for each and every element of inducement." (Dkt. No. 19 at 6–9) (quoting *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012).

At the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in RightQuestion's favor and likewise finds that RightQuestion has pled facts sufficient to state a claim.  In this case, RightQuestion has alleged that "Samsung induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products and related services, and providing instructions, documentation, online technical support, marketing, product manuals, advertisements, and other information to customers and end users suggesting they use the Accused Products and related services in an infringing manner." (Complaint ¶¶ 59, 72).  Further, RightQuestion provides excerpts of materials allegedly taken from Samsung's product briefs, customer-oriented blog posts, technical documents, YouTube videos, and instructions that direct Samsung's customer and other third-party users of the accused products to allegedly make use of the functionality of the Samsung Knox Vault in the manner intended by Samsung and thereby infringe the patents-in-suit. (Complaint ¶¶ 19–23, 51–59, 61–71). At the 12(b)(6) stage, the Court finds it reasonable to infer the necessary intent to support a claim of induced infringement from the RightQuestion's allegations that Defendants simultaneously sell the Accused Products while supplying third-parties with the cited literature which instructs performance of allegedly infringing uses of the technology. *BillJCo*, 2021 WL 6618529, at *6.  By pointing to literature "advertising an infringing use" and "instructing how to engage in an infringing use" and including corresponding claim recitations

6

which indicate how such use of the Accused Products allegedly infringes the Asserted Patents, RightQuestion has sufficiently stated a claim for induced infringement. *See Motiva Patents LLC*, 408 F. Supp. 3d at 828 (citations omitted); *Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2019 U.S. Dist. LEXIS 227275, at *8–9 (E.D. Tex. Oct. 23, 2019) (finding a pleading sufficient where it identifies the accused functionalities and includes citations/screenshots of advertisements and user guides with alleged descriptions and demonstrations for those accused functionalities).

### IV. CONCLUSION

For the reasons set forth herein, Samsung's Motion is **DENIED**.

**So ORDERED and SIGNED this 18th day of February, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE