IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RIGHTQUESTION, LLC, | |
| Plaintiff, | Civil Action No. 2:21-cv-00238-JRG |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL |
| Defendants. | PUBLIC VERSION |

PLAINTIFF RIGHTQUESTION, LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT
CONTENTIONS

## TABLE OF CONTENTS

I.      Introduction ........................................................................................................1

II.     Background ........................................................................................................2

III.    Legal Standard ..................................................................................................7

IV.     Argument ..........................................................................................................7

        A.      RightQuestion's Original Infringement Contentions Are
                Sufficient. ..............................................................................................8

        B.      RightQuestion's Supplemental ICs Are Based Upon Non-
                Public Discovery. ..................................................................................8

        C.      Samsung's Specific Complaints Regarding RightQuestion's
                ICs are Baseless. ...................................................................................9

        D.      RightQuestion's ICs Provide Adequate Notice of its
                Technical Theories, Especially In Light Of Samsung's
                Numerous Discovery Delays. ..............................................................12

        E.      If Required, The Proper Remedy is Supplementation—Not
                Exclusion..............................................................................................14

        F.      Samsung Did Not Meaningfully Comply With Local Rule
                CV-7.....................................................................................................15

V.      Conclusion ......................................................................................................15

**TABLE OF AUTHORITIES**

## I.     INTRODUCTION

RightQuestion, LLC's ("Right Question") original P.R. 3-1 Infringement Contentions ("ICs") comply with the Local Patent Rules because they identify: (i) the claims of United States Patent No. 10,824,696 ("the '696 Patent") and United States Patent No. 10,929,512 ("the '512 Patent") (collectively, the "Patents in Suit") infringed by Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., ("Samsung"); (ii) the Accused Instrumentalities responsible for that infringement; and (iii) where each element of each asserted claim is found within each Accused Instrumentality. As this Court and numerous other Courts around the country have held, ICs do not need to prove infringement. Rather, all that it is required is that the ICs give adequate notice of the infringement theories to the defendant. RightQuestion has met this burden, and Samsung's motion should be denied.

Samsung's present motion seeks to strike RightQuestion ICs in their entirety. *See* Dkt. 59 at 8. Beyond seeking a drastic remedy contrary to this Court's established precedent, Samsung's motion presents an incomplete factual record and fails to acknowledge Samsung's discovery failures. It also fails to acknowledge Samsung's request in the January meet and confer that preceded the filing of its motion that RightQuestion supplement its contentions to (a) more specifically identify the accused products; and (b) include source code evidence—requests that RightQuestion agreed to. When Samsung filed its motion, following nearly two months of silence *after* the meet and confer, RightQuestion had already served supplemental ICs to address Samsung's complaint related to the accused products and RightQuestion was preparing proposed final ICs including source code (that were served on Samsung on March 23, 2022).[1] Samsung's unfounded complaints could have been, and RightQuestion believes have been, resolved without the Court's involvement—as the parties agreed. The Court should deny Samsung's motion, or alternatively grant RightQuestion leave to supplement its ICs to include source code and other evidence produced in discovery by Samsung and third-parties including Qualcomm.

---

[1] RightQuestion prepared and served these ICs just over three weeks after Samsung (and Qualcomm) provided the relevant code. On March 28, 2022, Samsung indicated that it is opposed to this supplementation. RightQuestion intends to file a motion for leave by April 4th.

## II.      BACKGROUND

On June 29, 2021, RightQuestion filed its Complaint against Samsung alleging infringement of the Patents in Suit. The Patents in Suit relate to systems and methods for securely and efficiently enabling users to store and use highly personal and confidential login records via a biometric authentication. Dkt. 49 at 2-4 (providing a description of the Patents in Suit). Given the nature of the subject matter claimed in the Patents in Suit, detailed technical information regarding the specifics of Samsung's implementation of these features and functions is not shared publicly. In fact, Samsung's describes this code as "***extremely sensitive*** . . . since it relates to security features." *See* Ex. 1 at 1 (emphasis added).

On September 16, 2021, in accordance with the schedule set by the Court (dkt. 27), RightQuestion served its original ICs. These ICs set forth RightQuestion's theories of infringement based on public information in compliance with the Local Rules. *See* Dkt. 59-2. As explained therein, RightQuestion contends that the infringement is resident in chips and code supplied by Samsung and other third parties, including, for example, Qualcomm. *See id*.

Samsung served its invalidity contentions pursuant to Patent Rule 3-3 on November 10, 2021. Dkt. 32. As of that date, and notwithstanding the requirements of Patent Rule 3-4, Samsung's production of source code and other technical documentation related to the accused products was wholly deficient. For months after this deadline, and even after the February 2nd "substantial completion" deadline (dkt. 27 at 4), Samsung continued to roll out its source code and technical document production in drips and drops, necessitating no less than nine letters describing more than twenty deficiencies in the produced code and related technical documents. *See* Exs. 2 (11/19/21), 3 (12/1/21), 4 (12/6/21), 5 (12/14/21), 6 (12/28/21), 7 (1/19/22), 8 (2/1/22), 9 (2/11/22), 10 (2/21/22). RightQuestion also twice met and conferred with Samsung about these issues, but agreed not to file motions with the Court in light of Samsung's continued promises that it would remedy the myriad issues. *See generally id*.

Even now, sometime after the "substantial completion" deadline, and well after the deadline imposed by Patent Rule 3-4, Samsung continues to correct the deficiencies in its code

and related technical document production. Samsung's most recent production of code occurred on March 11, 2022—just over three weeks ago. *See* Ex. 11 (producing additional source code). And, as was explained to Samsung just last week, issues still remain with this most recent production. *See* Ex. 12 (Mar. 24, 2022 Letter discussing source code issues). As of the week of March 21, 2022, RightQuestion had spent approximately 800 hours reviewing the Samsung produced code (while awaiting the production of relevant code from Qualcomm and noting the many issues with Samsung's code production documented in the parties' correspondence).

Not only has Samsung's code production been inadequate, Samsung has also failed to produce relevant technical documents. Just last week, Goodix, a third-party to this case, produced a document authored by Samsung describing the relationship between the fingerprint sensor and the TrustZone interface—a document directly related to RightQuestion's infringement case. Ex. 13 (Mar. 18, 2022 E-mail from Goodix to the parties). Samsung has no explanation for its failure to produce this document as part of its production, before the "substantial completion" deadline, or at any point in discovery. This document is obviously relevant to RightQuestion's infringement case from the title: ████████████████████ Ex. 14 (the cover page of the document produced by third-party Goodix).

Not only has Samsung's code production and document production been inadequate, it has also caused unreasonable delay in the production of code from third-parties, including most prominently, Qualcomm. RightQuestion subpoenaed Qualcomm on December 8th. Ex. 15. In that subpoena, RightQuestion asked Qualcomm to produce code and technical documents related to its infringement allegations. *See e.g. id*. at Attachment A. In response, Qualcomm's counsel indicated that it could not produce the code or technical documents sought until RightQuestion obtained the "BuildIDs" from Samsung for the Qualcomm chips Samsung buys and includes in the accused products. *See* Ex. 16 (Jan. 6, 2022 Email from Qualcomm to RightQuestion (". . . Qualcomm needs the valid software build IDs in order to identify and collect the relevant software and firmware source code . . .")). These BuildIDs are only known by Samsung. *Id*.

("only Samsung knows which builds (out of thousands) were used on a given device and only Samsung has those build IDs.").[2]

On November 4, 2021, and in an effort to obtain the relevant Qualcomm code in a timely manner, RightQuestion propounded its first set of interrogatories to Samsung requesting BuildIDs for all of the accused devices. *See* Ex. 17. In Samsung's December 6, 2021 response to RightQuestion's first set of interrogatories, Samsung failed to provide RightQuestion with the requested BuildIDs. *See* Ex. 18. On January 4, 2022, RightQuestion again requested BuildIDs from Samsung, noting the importance of this evidence and its relation to the code needed by RightQuestion to explain Samsung's infringement. *See* Ex. 19 (Jan. 4, 2022 E-mail from G. Fishback to Samsung Counsel). After Samsung again failed to provide RightQuestion with BuildIDs, RightQuestion requested the BuildIDs a *third* time on January 14, 2022—repeating the importance of this evidence. *See* Ex. 20 (Jan. 14, 2022 E-mail from G. Fishback to Samsung Counsel). On January 19, 2022, RightQuestion requested the BuildIDs for a *fourth* time. *See* Ex. 21 (showing Jan. 19, 2022 E-mail from G. Fishback to Samsung Counsel ("As you know, this information is critical to our infringement investigation, and these delays – which are wholly attributable to Samsung – impact our ability to prepare our case.")). On January 25, 2022, after nearly three months and after repeated requests, and only after RightQuestion threatened motions practice, did Samsung finally provide the BuildIDs. *See* Ex. 22 at Appx. A (dated January 25, 2022). The **_very_** next day, RightQuestion provided the BuildIDs to Qualcomm who started producing code just approximately four weeks ago on March 1, 2022 (at a code review facility in Los Angeles, CA—requiring travel and other logistical arrangements). *See* Ex. 23 (E-mail from G. Fishback to Counsel for Qualcomm (January 26, 2022); Ex. 24 (Email from Counsel for Qualcomm (stating that source code production would begin March, 1, 2022)). Due to Samsung's unexplained delay in providing the BuildIDs, RightQuestion was unable to begin reviewing the Qualcomm code until March 1—shortly before Samsung filed the present motion.

---

[2] BuildIDs allow the third-party chip manufacturers, such as Qualcomm, to identify the software that the chip manufacturers provided to Samsung.

Despite Samsung's continued discovery deficiencies, on November 30, 2022 Samsung complained about the sufficiency of RightQuestion's ICs. Dkt 59-4. RightQuestion disagreed that its original contentions were deficient, noted Samsung's failures to comply with its discovery obligations as summarized herein, noted that the information needed to supplement the contentions (*i.e.* technical documents and source code) was in the possession of Samsung and third-parties like Qualcomm and had not been produced, but nonetheless indicated a willingness to supplement its ICs, based on information learned in discovery, to address Samsung's complaints. Dkt 59-5. On January 28, 2022 a meet and confer was held. At the meet and confer, and as summarized in subsequent correspondence, RightQuestion again indicated its willingness to supplement its ICs, based on information learned in discovery, to address Samsung's complaints. Dkt. 59-7. RightQuestion also indicated its willingness, in response to Samsung's counsel's request at the meet and confer, to further supplement its ICs, thirty days after Samsung and Qualcomm's code productions were substantially complete, to include citations to source code evidence. *See id*. at 2 (Jan. 31, 2022 Letter from J. Budwin to M. Pensabene ("Additionally, and pursuant to your request, RightQuestion will also supplement its infringement contentions based on information learned through the course of discovery thus far. . . we agree to make an effort to further supplement our infringement contentions, to include code citations, and to do so within 30 days of receiving all potentially relevant code from Samsung (after the deficiencies noted herein are corrected) and relevant third-parties (including Qualcomm and Mediatek)."); *see also* Ex. 25 (Feb. 1, 2022 Letter from J. Budwin to M. Pensabene (as discussed at the meet and confer, ". . . RightQuestion will not be able to provide source code within infringement contentions for approximately 30 days after source code from all parties is complete.")).[3]

---

[3] *See also* Ex. 2 (November 11, 2021 Letter from G. Fishback to M. Pensabene ("We request that the missing code identified above be produced as soon as possible so we can continue to move discovery forward. These deficiencies, plus any delay in remedying them, may delay our ability to supplement the infringement contentions.")); Ex. 4 (December 6, 2021 Letter from G. Fishback to M. Pensabene ("These continued deficiencies, plus any further delay in remedying them, will delay our ability to supplement the infringement contentions with source code evidence.")); Ex. 26 (Jan. 19, 2022 E-mail from G. Fishback to Counsel for Samsung ("Once

On February 4, 2022, consistent with the request Samsung made in the January meet and confer, and RightQuestion's agreement, RightQuestion served Samsung with supplemental ICs that addressed Samsung's complaints by providing additional specificity related to the accused products. *See* Dkt. 59-9; *see also* Dkt. 59-11 and 59-12 (supplemental ICs). Samsung never complained about the sufficiency of these supplemental ICs and never sought a further meet and confer. Instead, after sitting silently on these first supplemental ICs for more than a month, Samsung filed its motion on March 14, 2022. *See infra* Section III.F.

On March 23, 2022, and as Samsung requested in the January meet and confer, RightQuestion provided its proposed final ICs—including citations to both Samsung and Qualcomm source code. *See* Ex. 27 (Mar. 23, 2022 Letter from J. Budwin to M. Pensabene); *see also* Ex. 28. RightQuestion did so, even though Qualcomm had only begun producing code three weeks earlier and even though Samsung was still producing code less than two weeks earlier. *See* Ex. 11. RightQuestion's proposed final ICs are attached hereto as Exhibits 29 and 30. RightQuestion has therefore complied with the agreement reached in the January meet and confer—it supplemented its ICs with source code and other non-public evidence learned in discovery, and did so within thirty days of receiving a substantial production of code from both Samsung and Qualcomm. In correspondence received the day before the filing of this Opposition, Samsung indicated it will be opposing RightQuestion's forthcoming motion for leave to supplement its ICs to include this evidence (even though Samsung requested this supplementation and RightQuestion agreed to provide it in the January meet and confer). Ex. 32.

No depositions have occurred and expert discovery has not yet begun. While the Court held a claim construction hearing on March 22, 2022 no claim construction order has issued. Additionally, on March 23, 2022 (the same day RightQuestion served its proposed final ICs, including source code), Samsung requested to amend its invalidity contentions with information

Samsung (and Qualcomm) provide us with the missing information—that we've been diligently seeking for some time now—and RightQuestion's reviewers have had the opportunity to review the missing information, RightQuestion will amend its contentions as necessary.")

that it had learned through third-party discovery. *See* Ex. 31. (Mar. 23, 2022 E-mail from B. Moon to RightQuestion). The same day, RightQuestion requested that Samsung provide copies of its proposed supplementation (as RightQuestion has done). *See id*. Samsung has yet to do so.

## III.    LEGAL STANDARD

"[T]he preparation and supplementation of infringement contentions is a matter of pleading and *merely notifies* a defendant of the asserted theories of infringement in order to provide adequate notice and streamline discovery." *Realtime Data, LLC v. Packeteer, Inc.*, No. CIV.A. 6:08CV144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (emphasis added) (Love, J.). "The Rules do not require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case. . . . Infringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof." *SSL Servs., LLC v. Cisco Sys.*, No. 2:15-cv-433, Dkt. 87 at 13, 2016 U.S. Dist. LEXIS 22250, at *18 (E.D. Tex. Feb. 24, 2016) (citation omitted) (Payne, J.). Use of exemplary charts satisfies the notice function of P.R. 3-1. *See Juxtacomm Technologies, Inc. v. Ascential Software Corporation*, 548 F. Supp.2d 379, 381 (E.D. Tex. May 2, 2008) (Davis, J.) (recognizing that the EDTX permits single claim charts applicable to multiple products and holding that "Juxtacomm may use one chart to accuse both products."). "Striking infringement contentions is an extreme decision comparable to determining whether evidence should be excluded for discovery violations. Courts are thus hesitant to strike contentions without evidence of unreasonable delay and prejudice. *Alacritech Inc. v. CenturyLink, Inc.*, No. 216CV00693JRGRSP, 2017 WL 3007464, at *2 (E.D. Tex. July 14, 2017) (Payne, J.) (internal citation and quotation omitted).

## IV.    ARGUMENT

Samsung moves to strike RightQuestion's ICs—in their entirety—because of its use of representative exemplary charts to show RightQuestion's infringement theories (which are substantially the same for all products).[4] Mot. at 8. Samsung further claims that RightQuestion's

---

[4] This is the same basis on which Samsung has indicated it will oppose RightQuestion's motion for leave to supplement its contentions, to include the source code evidence. *See* Ex. 32.

ICs do not adequately disclose its technical theories. *See id*. Samsung is wrong on both fronts. RightQuestion's original, supplemental, and now proposed final ICs provide adequate notice.

## A.   RightQuestion's Original Infringement Contentions Are Sufficient.

RightQuestion's original ICs sufficiently disclosed its infringement theories based on the publically available information known at the time. *See, e.g.*, Dkt. 59-11. This is exactly what the Court's rules require and, on this basis alone, Samsung's Motion should be denied. It is well established that while discovery is pending, plaintiffs are restricted by defendants' sole possession of the information plaintiffs need to develop their technical theories and as such plaintiffs are given opportunities to supplement their preliminary ICs upon the production of technical information. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560-61 (E.D. Tex. 2005) (Davis, J.) (noting that "there are times when plaintiffs' preparation [of ICs] is restricted by defendants' sole possession of the information plaintiffs need," and holding that plaintiff had complied with P.R. 3-1(c) "to the best of its current ability" in light of information in defendant's exclusive possession). Here, and given what Samsung refers to as the "extremely sensitive" nature of RightQuestion's infringement allegations "since it relates to security features," RightQuestion's original ICs were limited to the public information Samsung provided related to those features. *See* Ex. 1 (emphasis added). Notwithstanding that Samsung severely restricts the information it discloses publically about the security features of the accused products, RightQuestion was able to provide documentary evidence for each element of both Patents in Suit. *See generally* Dkt. 59-2. Indeed, as discussed in Section IV.C *infra*, Samsung's complaints regarding the technical "flaws" of RightQuestion's original ICs are baseless.

## B.   RightQuestion's Supplemental ICs Are Based Upon Non-Public Discovery.

Courts in this district have recognized that discovery is required to determine the full extent of infringement.

*See Linex Techs., Inc. v. Belkin Int'l Inc.*, 628 F. Supp. 2d 703, 712 (E.D. Tex. 2008) (permitting plaintiff to serve ICs that identify information that "is forthcoming pending further discovery and Plaintiff must note from whom such discovery is expected."); *CooperVision, Inc.*

*v. CIBA Vision Corp.*, 480 F.Supp.2d 884, 888-89 (E.D. Tex. 2007) (patent holder would be allowed to amend its ICs where competitor (i) delayed production of documents, (ii) failed to identify applications used to create production files, and (iii) produced documents on a "rolling basis"); *Motorola, Inc. v. Analog Devices, Inc.,* No. 1:03-CV-131, 2004 WL 5633735, at *2 (E.D. Tex. Apr. 8, 2004) (patent holder was allowed to amend its ICs where it gave detailed preliminary ICs that explained why additional discovery was necessary to identify specific infringing products). In addition, "Patent Rules 3-6 and 3-7 demonstrate that the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery pursuant to Patent Rule 3-4." *STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754, 755–56 (E.D. Tex. 2004). RightQuestion's supplemental ICs (served February 4, 2022) and proposed final ICs based upon source code (served March 23, 2022) are based upon non-public information learned in discovery and were promptly served on Samsung as it (and third-parties like Qualcomm) complied with their discovery obligations. *See* Dkt. 59-11; Dkt. 59-10; Exs. 29 and 30.

      **C.**      **Samsung's Specific Complaints Regarding RightQuestion's ICs are Baseless.**

      Samsung complains that RightQuestion's original and first supplemental ICs violate P.R. 3-1 because RightQuestion grouped the accused products and provided two exemplary claim charts. Mot. at 5-8.[5] Samsung contends that RightQuestion should have provided separate claim charts, one for each of the accused products—notwithstanding the fact that the infringement allegations are substantially identical for each of the accused products. Samsung's argument, however, is contrary to the overwhelming authority from this district and other district courts which hold that grouping accused products and providing one claim chart for each group is entirely appropriate where, as here, there is no material difference among the accused products germane to infringement. *See Juxtacomm Technologies, Inc. v. Ascential Software*

---

[5] Samsung has made a similar objection to RightQuestion's proposed final ICs. *See* Ex. 32.

*Corporation*, 548 F. Supp.2d 379, 381 (E.D. Tex. May 2, 2008) (Davis, J.) (recognizing that the Eastern District of Texas permits single claim charts applicable to multiple products and holding that "Juxtacomm may use one chart to accuse both products."); *Alacritech*, 2017 WL 3007464, at *4 ("[T]he Court agrees with [Plaintiff] that it need not necessarily chart every accused instrumentality if its contentions otherwise provide sufficient notice to [Defendant] of its infringement theories."); *Linex Techs., Inc.*, 628 F. Supp. 2d at 712 (same); *Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05709JFHRL, 2004 WL 2600466, at *2 (N.D. Cal. Nov. 10, 2004) (same).[6]

While Samsung asserts that RightQuestion only points to "alleged generic similarities," RightQuestion sufficiently explains why the charted products are representative when it outlines the similarities of the other accused products as "containing a Qualcomm SnapDragon, Samsung Exynos, or MediaTek processor with an SPU and/or ARM TrustZone technology." *See* Motion at p. 6; Dkt. 59-11 at 1 ("Although the chart discusses the S20 and S21, it is intended to cover all of the Accused Products because they infringe in the same or substantially the same way as discussed in the letter (e.g. they each include similar hardware that operates for a similar purpose)."); Dkt. 59-10 at 1; Ex. 29 at 1 (same); Ex 30 at 1 (same). Despite Samsung's attempt to contort the law into requiring a certain degree of similarity, the law requires "sufficient notice to [Defendant] of its infringement theories." *Alacritech*, 2017 WL 3007464, at *4.

Yet, contrary to Samsung's assertions, there are not just "generic similarities" among the accused products. As RightQuestion explained to Samsung *each* of the accused products include a Qualcomm SnapDragon processor, a MediaTek processor, or Samsung Exynos processor. Dkt. 59-9 at 2. This is the "first processor" as required by the claims and each performs substantially the same function in each of the accused products. *See id.* As further outlined by RightQuestion, *each* of these types of processors contains a "secure processing unit" (SPU), ARM TrustZone

[6] On March 23, 2022, RightQuestion informed Samsung that it would be narrowing its accused products to eliminate devices that do not include Samsung Pass support. *See* Ex. 27 at 3; *see also* Mot. at 7 (discussing products that do not support Samsung Pass).

technology, and/or a combination of both (and some also have a physically distinct second processor called Knox Vault processor). *See id*. These are the identified "second processors" as required by the claims. *See also id.* For example, the S21 accused product has a "SnapDragon 888 5G" ("first processor") which has an "SPU" and utilizes "ARM TrustZone" technology in addition to "the Knox Vault processor" (the "second processor"). *See* Dkt. 59-11 at 9, 15, 20; *see also* 59-10 at 10, 14, 19. As explained in the ICs, like the S21, each accused products has a "first processor," such as a Qualcomm Snapdragon, and uses one of or a combination of the identified "second processors" (SPU, ARM TrustZone, or Knox Vault) to achieve the same features and functions. *See id*. This is all that is required for notice of these features. RightQuestion's proposed final ICs are in accord. Ex. 29 at 7, 13, 18; Ex. 30 at 9, 15, 20. As explained therein, the same code enables the same features and functions among the accused products—the infringement read is substantially the same among each of the accused features and functions. *Id*.

Moreover, Samsung failed to identify any differences between the Accused Products that would necessitate separate infringement theories or charts for each Accused Product. During discovery, hoping to alleviate this problem, RightQuestion served an Interrogatory requesting:

> Separately for . . . each version of the Accused Products, identify and explain all facts and documents related ***to any differences between each Accused Product*** . . . . that ***you contend is material to RightQuestion's Infringement allegations*** . . .

Dkt 59-3 at 23 (emphasis added). In its first response, Samsung completely punted on the question and deferred to its "rebuttal expert" reports. Dkt. 59-3 at 26. In its supplemental response, served January 25, 2022, Samsung identified six alleged differences. Ex. 22 at 47. RightQuestion has addressed each of these. First, Samsung points to different application processors. *Id*. As discussed throughout, all of the alleged devices contain a "first processor" that operate in largely the same way and contain similar features, such as an SPU or ARM TrustZone technology, regardless of the name of the processor. *See, infra,* Section III.D. Second, Samsung points to the different operating systems. Yet, as required by this Court's Rules, Samsung was required to produce all relevant code for all of the accused products. Now that RightQuestion has completed its review, including the code produced to date, it has identified representative code

for all of the products. *See, e.g.*, Exs. 29 and 30. RightQuestion contends there is no material difference. *See id.* Third and fourth, Samsung points to the existence or lack thereof the "Knox Vault." Again, RightQuestion has addressed this. In its supplemental ICs RightQuestion identified other "second processors," such as the "ARM TrustZone" or "SPU," for devices lacking Knox Vault. *See* Dkt. 59-11 at 9, 15, 20; Dkt. 59-10 at 10, 14, 19. RightQuestion also identified the "secure storage" for devices lacking the Knox Vault storage. *See* Dkt. 59-11 at 35; *see also* 59-10 at 27. Finally, RightQuestion has amended its accused product list to only the accused with both "Samsung Pass" and a biometric sensor—thus mooting Samsung's last two identified differences. *See* Ex. 27 at 3 (removing devices lacking Samsung Pass); Dkt. 59-9 at 1-7 (removing devices lacking a biometric sensor). RightQuestion has, therefore, substantiated its assertion that there are no material differences among the accused products germane to its infringement allegations.

### D.   RightQuestion's ICs Provide Adequate Notice of its Technical Theories, Especially In Light Of Samsung's Numerous Discovery Delays.

Samsung's claim that it lacks "notice of [RightQuestion's] infringement theories" rings hollow in light of: (1) RightQuestion's definitive identification of the accused products; (2) RightQuestion's supplemental ICs; (3) Samsung's ability to identify roughly 180 prior art references per patent and serve 10 invalidity charts per patent; and (4) Samsung's IPR petitions against each patent—both with multiple invalidity grounds and prior art references.

Samsung identifies three areas where RightQuestion has allegedly "failed to disclose its infringement contentions." *See* Mot. at 8-11. Samsung is incorrect on each ground. First, Samsung contends that RightQuestion has failed to identify a "record" comprising a "biometric template" and "a credential." Mot. at 8-9. Samsung is incorrect. RightQuestion's ICs show evidence including: (1) a Samsung Pass splash screen and (2) a prompt to use Samsung Pass to login to an external website (Amazon.com). *See, e.g.*, Dkt. 59-1 at 29 (original ICs); Dkt. 59-2 at 20-25 (supplemental ICs); *see also* Ex. 30 at 28-35 (final ICs including source code citations). This evidence, in addition to all of the other information included in the charts, indicate that a

user can use Samsung Pass to "[use] biometrics for quick, secure access to your favorite apps and services." *Id.* The evidence shows a Samsung Pass prompt for a user to provide a fingerprint (biometric input) so that Samsung Pass can compare the input to what it has stored (biometric template) to "verify [the user's identity]" and then provide the log in information to the website ("credential") so that the user is logged in. *See id.* In RightQuestion's proposed final ICs, it has additionally identified the source code that helps facilitate these functions. *See* Ex. 30 at 34-35. (RightQuestion's proposed final ICs explaining the code that shows a "record" which comprises a "biometric template" and "a credential").

Next, Samsung asserts that RightQuestion has failed to identify a "restricted interface." Mot. at 9. Again, Samsung is wrong. RightQuestion identified such restricted interfaces in the accused products. For example, in its original ICs RightQuestion explained that the Samsung S20 and S21 used a "restricted API" for the "first processor" to communicate with the "second processor"—this restricted API is a "restricted interface." *See* Dkt. 59-2 at 71-78. RightQuestion then provided multiple examples of these APIs based solely on public information. *Id*. In its supplemental ICs, RightQuestion also identified the ARM TrustZone technology as a second processor. *See* Dkt. 59-11 at 15. RightQuestion then cited additional evidence that shows the restricted interface that isolates the secure world within the TrustZone (second processor) from the normal world. *See id.* at 17. This is just one of multiple disclosures included in the original ICs. *See, e.g.*, Dkt 59-11 at 17, 19, and 20. The TrustZone is a secure processor backed by hardware-based access control that creates an "isolated environment" that is separate from the main system and only accessible by a hardware access controls (restricted interface). *See id*. In RightQuestion's proposed final ICs, it has additionally identified the source code that helps facilitate these functions. *See* Ex. 29 at 35-38; Ex. 30 at 26-28.

Finally, Samsung alleges that RightQuestion has not provided notice of a "second processor." See Mot. at 9-10. Samsung is mistaken. RightQuestion has provided notice of the second processor throughout its original ICs. As explained in the original ICs, each accused product has a "first processor," such as a "Qualcomm Snapdragon," and uses a "second

processor" such as the "Knox Vault" processor. *See e.g.*, Dkt. 59-2 at 15. The supplemental and proposed final ICs are in accord and add additional information regarding the "TrustZone" and "SPU," which are also "second processors." *See, e.g.*, Dkt. 59-11 at 15; Ex. 30 at 8-28 (final ICs explaining the "second processor" is one or more of the SPU, TrustZone, and/or Knox Vault).

### E.    If Required, The Proper Remedy is Supplementation—Not Exclusion.

Although RightQuestion's original and supplemental ICs comply with P.R. 3-1, the proper remedy for any deficiency would be to order prompt supplementation, not to strike the contentions wholesale as Samsung requests. *Alacritech*, 2017 WL 3007464, at *2 ("Striking infringement contentions is an extreme decision comparable to determining whether evidence should be excluded for discovery violations. . . . Courts are thus hesitant to strike contentions without evidence of unreasonable delay and prejudice."). Courts consider a good cause test when determining whether to strike infringement contentions or instead grant leave to supplement: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of what the Court is excluding; (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *See Lake Cherokee Hard Drive Techs., LLC v. Bass Computers, Inc.*, No. 2:10-cv-216, Dkt. 259 at 4, 2012 U.S. Dist. LEXIS 91364 at 7 (E.D. Tex. June 29, 2012) (Gilstrap, J.).

Each of these factors favors permitting RightQuestion to supplement its ICs with its proposed final ICs (served on March 23, 2022).[7] Factor one favors supplementation because RightQuestion's original ICs adequately disclosed its infringement theories based on public information. Any delay in producing the proposed final ICs is wholly attributable to Samsung. *See* Section III(A), *supra.* Factor two also favors supplementation. The importance of what the Court would be excluding is manifest—striking the ICs wholesale would amount to striking

---

[7] As indicated earlier, Samsung—in correspondence dated March 28, 2022—indicated it will oppose this proposed supplementation (even though Samsung requested it in the meet and confer and RightQuestion agreed to provide it). *See generally* Section III(A), *supra*. RightQuestion hopes to file its motion for leave on or before April 4, 2022 and believes, as demonstrated herein, it has acted diligently and will be able to establish the requisite good cause.

RightQuestion's entire infringement case before the close of discovery, when due to Samsung's own discovery delays, source code and documents are still being produced even now. Factors three and four favor supplementing because there is no prejudice to Samsung and a continuance is not needed; discovery is still open, no depositions have occurred, the Court's claim construction order has not issued, no expert reports have been filed, and RightQuestion has already provided Samsung with its proposed final ICs (pursuant to Samsung's request and in accordance with the schedule the parties agreed to in the meet and confer). Accordingly, even if the Court is inclined to grant Samsung's Motion, the appropriate remedy is supplementation— not exclusion. *See Alacritech*, 2017 WL 3007464, at *4.

   **F.     Samsung Did Not Meaningfully Comply With Local Rule CV-7.**

   Samsung failed to comply with the meet and confer requirements of the Rules. Local Rule CV-7 requires a personal conference between the parties' attorneys regarding the substantive component of any opposed motion. Local Rule CV-7 (h). Samsung's counsel purports to have complied with the meet and confer requirement via a conference call with RightQuestion's counsel on January 28, 2022, nearly two months prior to bringing its Motion. While that conference did take place, the outcome was an agreement to supplement *after* RightQuestion obtained access to the relevant technical documents and source code. RightQuestion complied with this agreement—it provided its first supplemental ICs on February 4, 2022 (to more specifically identify the accused products) and its proposed Final ICs (including source code) on March 23, 2022. *See* Dkt. 59-7 at 1-2 (discussing "Infringement Contentions"). After the January meet and confer, Samsung sat silent for *nearly two months*, while RightQuestion worked earnestly to comply with the agreements reached in the meet and confer. Following the service of the supplemental ICs on February 4, 2022 (after the January meet and confer), Samsung raised no issue with these ICs.

**V.     CONCLUSION**

   RightQuestion's original, supplemental, and now proposed final ICs *all* provide Samsung with adequate notice. RightQuestion respectfully requests the Court deny Samsung's Motion.

Dated: March 29, 2022.                         MCKOOL SMITH, P.C.


                                               /s/ Joshua W. Budwin
                                               Joshua W. Budwin
                                               Texas State Bar No. 24050347
                                               jbudwin@mckoolsmith.com
                                               R. Mitch Verboncoeur
                                               Texas State Bar No. 24105732
                                               mverboncoeur@McKoolSmith.com
                                               George T. Fishback, Jr.
                                               Texas State Bar No. 24120823
                                               gfishback@McKoolSmith.com
                                               Caroline Burks
                                               cburks@McKoolSmith.com
                                               MCKOOL SMITH, P.C.
                                               303 Colorado Street Suite 2100
                                               Austin, TX 78701
                                               Telephone: (512) 692-8700
                                               Telecopier: (512) 692-8744

                                               Richard A. Kamprath
                                               Texas State Bar No. 24078767
                                               rkamprath@McKoolSmith.com
                                               MCKOOL SMITH, P.C.
                                               300 Crescent Court, Suite 1500
                                               Dallas, TX 75201
                                               Telephone: (214) 978-4210
                                               Telecopier: (214) 978-4044

                                               Jennifer L. Truelove
                                               Texas State Bar No. 24012906
                                               jtruelove@mckoolsmith.com
                                               MCKOOL SMITH, P.C.
                                               104 East Houston Street, Suite 300
                                               Marshall, TX 75670
                                               Telephone: (903) 923-9000
                                               Facsimile: (903) 923-9099

                                               ATTORNEYS FOR Plaintiff
                                               RIGHTQUESTION, LLC

## CERTIFICATE OF AUTHORIZATION

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case (Dkt. 28).

/s/ *Joshua W. Budwin*
Joshua W. Budwin

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on March 29, 2022.

/s/ *Joshua W. Budwin*
Joshua W. Budwin

4864-1647-0550